OPINION OF THE COURT

Per Curiam.

Final judgment (index No. 115501/82) dated May 2,1983 reversed, with $30 costs, and final judgment directed in favor of landlord as prayed for in the petition.
Final judgment (index No. 115500/82) dated May 2,1983 affirmed, without costs.
The building in question is a four-story brownstone on Lexington Avenue at 71st Street, Manhattan. Until July, *1092 1982, the certificate of occupancy permitted a store on the first floor, commercial use on the second floor, and one floor-through residential unit on the third and fourth floors. Tenants originally leased the front portion of the second floor for use as a dress shop in 1968; in 1973 they leased the second floor rear as a residence. The dress shop was discontinued in 1975, with tenants continuing to reside in the rear. A prior holdover proceeding was dismissed in 1979 on jurisdictional grounds.
On April 26,1982, landlord filed an application for a new certificate of occupancy. On June 14, an on-site inspection report was filed by a buildings department inspector, who stated: “Work completed conforms to plans. No objection to issue c of o”. On July 27, 1982, a certificate was issued by the department, which recited: “This certificate of occupancy is predicated upon the final report of inspection dated June 15, 1982”. In substance, the new certificate legalized the residential unit on the second floor.
Landlord commenced eviction proceedings in October, 1982. The parties agreed that there were no material issues of fact and stipulated that the court determine whether the Loft Law (Multiple Dwelling Law, art 7-C) governed tenants’ occupancy. Civil Court, finding that three independent family units had been in residence since April 1,1980, and further finding that a certificate authorizing residential use of tenants’ apartment was not issued until July 27, 1982, or after the June 21, 1982 effective date of the Loft Law, determined that the premises were an “interim multiple dwelling” under section 281 of the Multiple Dwelling Law.
Subdivision 1 of section 281 defines an “interim multiple dwelling”. In New York City, coverage extends to any building or structure which “(i) at any time was occupied for manufacturing, commercial, or warehouse purposes; and (ii) lacks a certificate of compliance or occupancy pursuant to section three hundred one of this chapter; and (iii) on December first, nineteen hundred eighty-one was occupied for residential purposes since April first, nineteen hundred eighty as the residence or home of any three or more families living independently of one another.” We have doubt that the building in these proceedings is the *1093 type of “loft” building intended for Loft Law coverage. There is only a store on the first floor, and no indication that any of the space was used for “manufacturing” or “warehouse” purposes. Furthermore, two of the three units now relied upon to sustain coverage were legal residential units even under the prior certificate of occupancy. The work necessary to legalize the third unit (tenants’ apartment) had, in fact, been completed by June 14,1982 (before the Loft Law was enacted), as indicated in the final inspection report, upon which the later issued certificate of occupancy was expressly predicated. The Loft Law establishes a regulatory scheme which requires owners to register their buildings with a loft board, and to proceed to legalize their buildings and obtain a residential certificate of occupancy within stated time periods (Multiple Dwelling Law, § 284). Where a building is in actual compliance with the Multiple Dwelling Law and building codes at the time the Loft Law is passed, the goal of the statute in bringing structures up to code has already been achieved, and no useful purpose is served by insisting that the building still be categorized as an “interim multiple dwelling”. On the particular facts before us, we do not think that the formal issuance of the certificate after June 21, 1982, predicated upon undisputed compliance with residency laws prior to June 21, 1982, requires that coverage attach under the Loft Law.
Hughes, J. P., Sandifer and Parness, JJ., concur.